United States v. Panic My error That's the biggest one you've ever committed It's not Do we have the appearance sheet? There you go Did you give it to us? You didn't get one? No Never mind Oh Okay I have it, I have it Sorry, go ahead Good morning and may it please the court My name is Elizabeth Mollering, I'm an assistant United States attorney in the Western District of New York in Buffalo This court should reverse the district court's decision To dismiss counts one and two of the indictment on constitutional speedy trial grounds Respectfully, the district court abused its discretion when it balanced the four Barker factors Here, admittedly, the first factor, the length of delay, is presumptively prejudicial Six years, we agree, were past that factor But the remaining three factors here favor the government The reason for delay Six years is a really long time, is it not? It is, your honor, it is a very long time And do we give more weight to this factor because of the length of time? I think that came into the district courts and can come into your consideration under the fourth factor, the prejudice Where a lengthy incarceration, and here you have a 54 month incarceration followed by some time on home incarceration That can adversely affect a defendant's psychological and emotional state And the district court found that that was the supporting factor for prejudice Is there any case that rejects a speedy trial motion where the length of time is in the ballpark of six years? Absolutely, judge I think Alani was a long time, but it's pretty unusual And judge, USV Lane is a nearly five year delay And USV Saglum-Benny, Second Circuit, 1972, was a six year delay And this court found no constitutional violation because the cause of the delay was the fact that the co-defendant became a fugitive And in that case the defendant was willing to wait and consented to wait in the hope that the government wouldn't prosecute him If the co-defendant who they wanted to prosecute first was never found In a case where you can put the delay onto the defendant, well that's quite different I was trying to figure out who was causing the delay here It looked to me like the government, we'll put aside the issue of whether it pushed the district court enough The district court was responsible for about three quarters of a year, less than a year The defendant himself was probably responsible for about two and a third years And the district court for 3.5 years And I didn't find great guidance on what I'm supposed to do about a district court It seemed causing the delay There were cases that indicated that you didn't push the district court enough, you're stuck with that So, can you help me out here, there's a lot of delay And most of it's, some of it's the defendant, but at least three and a half years is the court And you a little bit, you a lot, except in the context of this case Yes judge, and our position, the government's position on this Is that the delay that's attributable to the district court is unfortunate And the government maybe could have done more to poke the court sooner However, the government did file multiple motions to adjudicate motions And motions for it to set a trial date, where the defendant didn't And I think here Your first motion to set a trial date was in 2015, wasn't it? Yes, and the first motion to adjudicate motions was in 2014 So it is, there's already a three year delay by the time the first one of those motions happens And I think Government also filed two superseding indictments that both times changed the case dramatically Well judge, I don't know that I would agree with that I think the first superseding indictment, the counts for Mr. Penick remain the same The difference in the first superseding indictment is that it adds ten new defendants It goes from ten defendants in the continuing criminal enterprise to twenty And so there might be It changed the case dramatically? It changes additional acts and additional evidence that would come in But Mr. Penick's role is consistent The second superseding indictment is after this defendant files a motion for a speedy trial What about the wiretap evidence? Initially he wasn't identified as being on the wiretaps And then later he was and he filed a motion to suppress that How much delay was attributable to that? And why wasn't he identified earlier? Your Honor, when the initial discovery on the wiretaps was disclosed to the defendants in the case You're correct Mr. Penick's attorneys were not told that he was on the wires They weren't told until April of 2012 When the U.S. attorneys began preparing for trial that had been set in June of 2012 In the context of that preparation They discovered that Mr. Penick was on the tapes And they made the appropriate disclosures as soon as they realized However, there's also indication in the government's response on the severance motion That this was included, that you could infer at least From the charges in the criminal complaint That there were communications intercepted with Mr. Penick on it However, the government did not then make the appropriate disclosures Those were delayed How long was that though? So he was arrested on a criminal complaint I think in December and then indicted in June? In June of 2010, that's correct, Judge And so it's going on two full years When they make the disclosures that he's on the wire In April 2012 You know, one could look at the different factors and debate which way it cuts But we're here on an abuse of discretion review So why is this abuse of discretion? I mean, this is the judge who's went through this for six years Why do we second-guess him on this? To me, Judge, the most important factor here that the district court got wrong Is that the defendant is taking inconsistent positions He's requesting numerous adjournments I believe in my papers I cite 22 extensions or adjournment requests by the defendant While at the same time using a motion to dismiss the indictment Sort of as a sword and a shield There's no bad faith here by the government There's no deliberate acts or tactical advantage that's tried to be sought The trial court wasn't obliged to grant 22 adjournments, right? I mean, defendants are always trying to delay proceedings And you only allow so much of that Right, and in this case, the government even consented to some of the adjournments And I think appropriately so here where there were four counsel Over the course of the length of this case that represented this defendant And so each counsel made adjournment requests to get up to speed And to hold that against sort of the government It's a difficult position for the government Where defense counsel is requesting time to get up to speed And saying we need this to be effective For the government to then say, well, no, we have to object and get a speedy trial We face a possible ineffective assistance of counsel motion Where we might be back here before your honors So it's a delicate balance I think importantly, this defendant had the chance to go to trial in June 2012 This case was set for trial The district court made clear that that date was set in stone There were 20 defendants at that time Because the second circuit said you better try this by the summer, right? Yes, it was because the second circuit in USV Hill Told the district court you better try this case And they did, ended up not actually trying the case Because the defendants took a plea that we're set for trial However, Mr. Penick's attorney came in and said, I can't try this case I'm new to the case, although he was new in March of 2012 So he did have more than two months, two and a half months to prepare And so he filed a motion for severance Saying I can't try this case in June I need more time to get up to speed And I want to file What's the impact of losing these two counts? I know the case is still pending against him With many more counts because of the second superseding indictment What's the impact if we were to affirm the district court And say it's not an abuse of discretion Counts one and two get tossed What happens to the case? The case will go forward on the substantive acts That were charged in the second superseding indictment The government would like to have the continuing criminal enterprise And the conspiracy charge I think it provides a fuller picture And it would help a jury if that's where we got to But you're right, the case goes forward either way, Judge Is there a speedy trial issue being raised as to the pending counts? Not at this time, not that I'm aware of, Judge I see that my time has expired And I've reserved some time for rebuttal Thank you Good morning May it please the court Donald Thompson representing Mr. Penick To answer the last question first What's the impact of dismissing counts one and two? There is no impact As you know from my brief The second superseding indictment essentially includes The underlying acts for the umbrella counts one and two Which we contend the government filed When it was apparent that there were going to be Speedy trial problems with counts one and two It's not going to cabin the government at all In the proof that they are able to present At the subsequent trial of this matter So I don't know why the insistence on counts one and two You're not going to raise in the district court Say you win here, you're not going to raise in the district court Look, the second circuit just affirmed the dismissal of counts one and two That somehow interferes with trying the other counts I'm going to raise everything I can in the district court I mean, there's some interesting issues That are not for this court today With respect to those remaining counts Most of which were enumerated in the criminal complaint In the first place, but never charged I'm not saying you wouldn't raise that Say look, if you look at the criminal complaint That was originally filed The government's foreclosed from putting out some of that evidence Because counts one and two are now gone They infect the other counts Yeah, I'm not saying I'm not going to raise it I don't foresee being successful with respect to that I don't see any prohibition in the prosecution of those counts at this point Can I ask you, what's the prejudice here to your client From this long delay, this six year delay Even if it's measured that way Because I think it was a while before he filed a motion to dismiss On the basis of speedy trial What evidence has he lost? I know that he was incarcerated for a while And there's the anxiety of facing the case But did he lose any witnesses, any evidence Any way that that would impact his defense case Once this goes back? There's no indication in this record, Judge That he did, and the district court Was not interested in hearing about that, essentially It looked simply at the time The extended period of time And determined that that You didn't foreclose your client from putting out evidence of that My read of the record is that he was given an opportunity To discuss all the Barker factors But didn't say, like, one of the witnesses has died Or, you know, I can't get some evidence now Right, that's fair Prior counsel was not prohibited from Setting out on the record Any specific prejudice That he was aware of at that time And that really just wasn't fully developed on this record And it's not really a factor before this court, I would contend With respect to the chance to go to trial in 2012 The district court, in response to this court's mandate Set a trial date within three months For Mr. Hill only It was Mr. Hill's mandate that required that trial to take place But all the defendants were going to go to trial And there was a motion to sever Unless there was a motion to sever, they were all going to trial The client's lawyer came in and said I can't be ready by this July date That's right And filed a motion to sever, which was granted That's right, that's right But the Hill trial wasn't going to be just the Hill It was going to include Penick, too Well, yeah, Hill was driving the bus at that point Because he had the mandate requiring his trial to take place Yeah, but I read that several times All the defendants were supposed to go to trial, right? Yeah, everybody else is joined with him at that point There's no motions to sever at that point So the trial date's for everyone at that point You're right, you're right Penick's counsel, his third counsel at that point Had been in, as of that court appearance where the trial date said He'd been in a case a week It had been disclosed to him at that point That for the first time, despite repeated government denials There's Title III evidence And it's extensive with respect to Mr. Penick And prior counsel had filed no motions at all Much less motions challenging any Title III evidence Because he didn't know it existed So along with his severance motion New counsel filed motions challenging the Title III evidence And then, shortly thereafter He files objections to the report and recommendation Both of those things take place in June of 2012 Now, there are, he doesn't stop working He keeps doing things, filing motions, asking for extensions Replying to government motions, things like that But for all practical purposes, in June of 2012 The case is frozen Because he gets the severance order Joining him with a fugitive who can't be tried And the objections to the report and recommendation Are not forthcoming Why were there four different sets of defense lawyers? What accounts for the changes in counsel? Well, Mr. Penick retained his first lawyer Who shortly thereafter took a position With the Federal Public Defender's Office Then, within weeks, he retained new counsel He became dissatisfied with new counsel And fired him, apparently for good reason Because new counsel was subsequently suspended From the practice of law Within weeks, again, after he fires second counsel He retains third counsel Third counsel is the one that discovers the Title III information And between second and third counsel The government has superseded the indictment Third counsel, who is a Canadian citizen Then is restricted from re-entering the country The government then, in February of 2015 Moves for determination of Mr. Penick's representation status Because apparently his third counsel Is not going to be able to re-enter the country During that period of time And even before that determination Mr. Penick is making attempts to retain fourth counsel And does so And then proceeds forward But by 2015, the case is frozen And has been frozen for three years already He's joined with an untriable fugitive And the objections to the report and recommendation Are still not decided So all of these delays Whose fault is that, though? It's the judge's fault The judge issued a recommended ruling on all these things And it took a long, long time for the district judge To even decide it And the government filed motions for the district court To decide the case I mean, that's unusual I mean, I counted at least four motions by the government Asking the district court to decide these motions I didn't see that And I never had one of those motions filed against me My guess is Judge Chin didn't either How do you take that When the report and recommendation is sitting there For over a year, I think it was That is unusual I mean, I agree that I haven't seen that in any other case Other than this one I put the blame, as the district court did Primarily, if not solely, on the district court You know, the other thing the court could have done Is granted itself extensions of time To consider the report and recommendation It didn't do that I mean, there's no prohibition in granting those extensions Or as many as you think you need To come up with a careful consideration of the issues It doesn't particularly help It doesn't help, but The big picture, giving yourself more time The point is, you shouldn't be giving yourself more time Well, it doesn't help the defendant at all But we'd be in a different posture here If the time had not expired without any extensions at all Well, your client filed 22 motions for extension of time That's what the government said in its reply brief Is that true? You know, I haven't counted them up But I will I'll go along with the government's arithmetic But I'll bet you that the majority of those extensions Take place after June of 2012, when the case is frozen So, whatever he asked for in the way of extensions I mean, it's like a concurrent extension There were three by third counsel Each of them, including the motion for severance Each of them noting the disclosure For the first time of the Title III information So that's correct I don't... Previous counsel to that Second counsel didn't do much of anything The motion to suppress in... Yeah, that would have been The first motion to suppress the wiretap evidence Because it was disclosed in March That there was wiretap evidence for the first... It's like two and a half years into the case at that point Or a little bit more And the government then discloses that Mr. Penick Is the subject of this Title III recording And a lot of it So... Is there a trial date on the pending chart? What's this? The district court is... Well, the district court is awaiting this court's decision And those other 11 counts are state at this point Pending that decision But that will go forward And we'll continue to litigate those counts We'd better rule quickly either way, right? It would be good Mr. Penick continues to be held in custody So he's interested in moving forward on these charges As well as the... He was released, though, right? He went back in because he violated conditions He had been released He was... About five years into the case He was released to home confinement He had violations of the home confinement release And he was taken back into custody Based on those violations So he is back in custody at this point Are there any other defendants still out there? Other than the fugitive Mr. Penick is the last man standing In this indictment So as of today The charges have been pending Since December of 2009 That's correct Almost eight years That's correct Okay, we'll hear from the government Thank you Thank you very much Your Honors, I think An important thing to note here is The fact that this defendant is taking Inconsistent positions And showing no sincere assertion Of a right to a speedy trial I think this case is a lot like U.S. v. Lane Where you have a defendant Filing for numerous and numerous Extensions and adjournments And I would note that At the very outset The defendant filed or joined Five motions to put off The initial pretrial motion practice So it was two full years From the time that he was Charged and incarcerated To when motions were actually Finally filed in November of 2011 So nearly two years Twenty-three months after he was arrested And those were all motions That were filed or joined By his defense counsel How important are counts 1 and 2 To the government? The government believes They're very important And as you correctly pointed out And as defense counsel How long has this appeal been pending now? I mean, by choosing to appeal The case has been delayed another year? The government feels very strongly In this case and against this defendant While the reason that this defendant Is back in custody The violations that he committed While he was on home incarceration Included committing additional felonies The other 11 counts aren't enough? The government, as you mentioned Is concerned that if you dismiss Counts 1 and 2 Then defense counsel will make a motion Saying that their conduct is so similar And was on notice Then it could eat up the whole thing And so we do feel that it's worth The time of everyone here Including yourselves And we respect your time But we think the district court Got this wrong And so we'd ask you to reverse It's not our time that's of concern It's that the case is now 8 years old That's what's of concern Judge, it is a concern of ours as well We would like to get this moving as well All right, thank you Thank you very much